Ms. Didi Sallings, Executive Director Arkansas Public Defender Commission 101 East Capitol, Suite 201 Little Rock, Arkansas 72201
Dear Ms. Sallings:
This is in response to Benton County Public Defender Linda Scribner's request for an opinion on the following questions:
 1. Whether the Indigent Defense Fund created pursuant to A.C.A. § 14-20-102 from which private appointed counsel is paid and the $4.00 Investigator Fee Fund (for lack of better title) created pursuant to A.C.A. § 16-87-111 are supposed to be separate funds and not joined or mixed into one fund?
 2. Whether the Indigent Defense Fund created pursuant to A.C.A. § 14-20-102 (not the $4.00 Investigator Fund) can be accessed or tapped into by the quorum court to help pay for expenses and/or salaries of the public defender's office?
With respect to your first question, this office has previously addressed this issue in Op. Att'y Gen. No. 94-238, wherein it was concluded that the monies collected pursuant to A.C.A. §§ 14-20-102 and 16-87-111 (Cum. Supp. 1993) should be maintained separately. A copy of that opinion is enclosed for your review. With respect to your second question, A.C.A. §14-20-102(b)(1)(A) (Cum. Supp. 1993) mandates the imposition of a five dollar ($5.00) fee to be taxed in certain civil and criminal cases. Eighty percent (80%) of the funds collected pursuant to this fee are to be retained by the counties and credited to a fund (as created on the books of the county treasurers pursuant to A.C.A. § 14-20-102(a)) which is to be used for the following purposes:
 paying reasonable and necessary costs incurred in the defense of indigent persons accused of criminal offenses and in the representation of persons against whom involuntary admissions procedures for mental health or alcohol and narcotic commitments or criminal commitments have been brought, and for representation in civil and criminal matters of persons deemed incompetent by the court, due to minority or mental incapacity, which have been brought in any circuit courts, chancery courts, juvenile courts, probate courts, or city or county division of municipal courts, including, but not limited to, investigative expenses, expert witness fees, and legal fees. [Emphasis added.]
A.C.A. § 14-20-102(a)(1) (Cum. Supp. 1993). In my opinion, the foregoing provision would allow the monies collected pursuant to A.C.A. §14-20-102(a)(1)[1] to be used to pay for "expenses and/or salaries of the public defender's office," as referred to in your second question, as long as those expenses fall within the description of "reasonable and necessary costs incurred in the defense of indigent persons accused of criminal offenses . . . including, but not limited to, investigative expenses, expert witness fees, and legal fees."
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely,
WINSTON BRYANT Attorney General
WB:NAH/cyh
[1] Arkansas Code Annotated § 14-20-102(d)(1)(A) (Cum. Supp. 1993) also allows the optional levy by county quorum courts of an additional fee, not to exceed $5.00, in the same types of civil and criminal cases as the mandatory $5.00 fee is to be levied pursuant to subparagraph (b)(1)(A) of § 14-20-102. The monies collected pursuant to this fee are to be deposited in the same county fund created by § 14-20-102(a)(1).